IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

NOVA CASUALTY COMPANY,

    Plaintiff,

v.

LEXINGTON INSURANCE COMPANY, and USA CYCLING, INC.,

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff, Nova Casualty Company ("Nova) by and through its attorneys, Lambdin & Chaney, LLP, for its Complaint and Jury Demand, states the following:

### I. JURISDICTION AND VENUE

1. This action is brought by Nova seeking declaratory relief pursuant to F.R.C.P. 57 and 28 U.S.C. §2201 in order to have this Court adjudicate and declare the rights, status and other legal relations of the parties hereto.

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332 because this is an action between citizens of different states and the amount in controversy exceeds the value of $75,000, exclusive of interest and costs of suit.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(1) as Lexington issued insurance policies to USA Cycling, Inc. in Colorado and USA Cycling

1

Inc. is a Colorado resident.

## II.  THE PARTIES

4. Plaintiff Nova is an insurance company operating in the State of Colorado, incorporated under the laws of the State of New York, and with a principal address of 726 Exchange Street, Suite 1020, Buffalo, New York 14210.

5. Upon information and belief, Defendant Lexington Insurance Company ("Lexington") is an insurance company doing business in Colorado, incorporated under the laws of the State of Delaware, and with its principal place of business in Boston, Massachusetts.

6. Upon information and belief, USA Cycling, Inc. ("USA Cycling") is a non-profit corporation, incorporated under the laws of the State of Colorado, with its principal place of business in Colorado Springs, Colorado.

## III.  GENERAL ALLEGATIONS

7. Plaintiff Nova issued Policy WFR-GL-0010232-1, in effect from December 1, 2015 to December 1, 2016 to Beech Mountain Resort, Inc. ("The "Resort") as the named insured, with Commercial General Liability Coverage, subject to such policy's terms and conditions ("Nova Policy").

8. Upon information and belief, Lexington issued Policy No. 015385404, effective from December 31, 2015 to December 31, 2016, to USA Cycling, Inc. as the named insured, written to provide Commercial General Liability Coverage, subject to such policies' terms and conditions ("Lexington Policy").

9. On or about March 15, 2016, USA Cycling issued a permit for Doug Owen dba Cycle 4 Life and High Country Cycling Club (collectively "Owen"), for a mountain biking skills development camp entitled the North Carolina High Country Junior MTB Rides, to occur on several dates between June 20, 2016 and August 12, 2016, including the date of August 4, 2016, in Beech Mountain, North Carolina ("Event").

10. When Owen applied for a permit for the Event from USA Cycling, he requested that The Resort, as well as other individuals and entities, be named as an additional insured to USA Cycling's liability policy.

11. On March 15, 2016, USA Cycling sent an email to Owen which stated, in pertinent part:

> your requested event insurance certificates will be emailed to you in approximately seven days. They will come directly from the insurance company to this email address. Please let us know if you do not receive your certifications within seven days or if you have any questions. Please do NOT contact the insurance company directly.

12. USA Cycling sent Owen a document entitled "USA Cycling 2016 Event Insurance Coverage" ("Event Insurance Disclosure").

13. The Event Insurance Disclosure set forth information about the liability insurance which was to cover USA Cycling's permitted events, including additional insured coverage.

14. The Event Insurance Disclosure stated, in relevant part, as follows:

> . . . . If you are required to have a third party named as an additional insured for an event, you must complete the Certificate of Insurance

>Request and mail it with the race permit application to the USA Cycling national office. The first set of certificates of insurance naming the race director and sponsoring club as additional insured is at no additional cost. You can request certificates of insurance naming others as additional insured for $10 per certificate issued.

15. Owen requested that a total of six parties be named as additional insureds to the Lexington Policy for the Event: The Town of Beech Mountain, Beech Mountain Resort, Inc., Doug Owen, Emerald Mountain, Inc., Emerald Opportunities, Inc., and North Carolina High Country Cycling.

16. Owen completed a Certificate of Insurance Request for the entities listed in paragraph 15 above and mailed the request with his race permit application to the USA Cycling national office.

17. Owen paid the required fee to have the four entities, in addition to Doug Owen and North Carolina High Country Cycling, named as additional insureds to the Lexington Policy.

18. USA Cycling also collected a per rider surcharge for insurance coverage for the Event.

19. On March 15, 2016, Lexington's agent, Willis Towers Watson Certificate Center ("Willis"), sent an email to Owen, to which certificates of liability insurance were attached, including one naming Beech Mountain Resort, Inc. as an additional insured to the Lexington Policy.

20. The March 15, 2016 email from Willis stated: "Please see the enclosed document(s) provided by the Willis Certificate Center. We trust this issuance is in

compliance with your needs."

21. One of the certificates of liability insurance Willis sent to Owen lists USA Cycling, Inc. as the named insured and "Beech Mountain Resort" as the certificate holder. It further provides in pertinent part as follows:

> DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES ((Acord 101, Additional Remarks Schedule, may be attached if more space is required)
>
> Endorsement LX4309 (06/14) AI – DESIGNATED PERSON – ORG: As required by written contract, Certificate holders are named as Additional Insured for USA Cycling sanctioned/permitted events.

22. The "North Carolina High Country Junior MTB Rides event, event number 2016-1470," is listed for various dates, including August 4, 2016, in the Certificate of Liability Insurance under a section entitled "Additional Remarks" on the second page of the certificate of liability insurance.

23. Owen met all conditions and requirements requested by USA Cycling in order to obtain additional insured coverage for Beech Mountain Resort.

24. Owen needed an easement across The Resort's property via a summer road for the Event in order to access the trails operated by the Town of Beech Mountain ("Town").

25. The Resort agreed to allow Owen to use the summer road on its property for the Event only if it was named as an additional insured on the liability policy issued by Lexington to USA Cycling.

26. The Town provided a permit to Owen for the Event, conditioned on Owen

obtaining additional insured coverage for The Resort and the Town.

27. Owen sent an e-mail to The Resort on March 15, 2016 stating that The Resort was named as an additional insured to the Lexington Policy.

28. The Resort documented its agreement with Owen in a letter submitted to the Town as part of the permitting for the Event which states in pertinent part as follows:

> To Whom It May Concern:
>
> Beech Mountain Resort has an agreement with Doug Owen for the use of the Summer Road during his bike camps. We are aware of the dates and have received an additional insurance certificate that meets company standards. . .

29. The Resort and Owen entered into a contract requiring that The Resort be named as an additional insured to the Lexington Policy.

30. The Resort is an additional insured under the Lexington Policy.

31. Doug Owen was a member of USA Cycling at the time of the Event.

32. On or about September 29, 2017, Luke Bryan, a minor, and his parents, filed a civil action for injuries Luke Bryan sustained during the Event, captioned: *Luke Bryan, David Bryan, Jr. and Melissa Bryan v. Beech Mountain Resort, Inc. North Carolina High Country Cycling Club, Doug Owen and USA Cycling, Inc.,* pending in the General Court of Justice, Superior Court Division, Watauga County, State of North Carolina, case no. 17 CVS 494 ("Underlying Action").

33. The Complaint in the Underlying Action alleges, in pertinent part, as follows:

9. On or about August 4, 2016, Luke Bryan was participating in a non-competitive junior mountain bike skill development camp known as the North Carolina High Country Junior MTB Rides at Beech Mountain, North Carolina ("The Event"). The Event was offered to Luke Bryan and other minor children by Defendant Owen and Defendant High Country in conjunction with, sanctioned by and sponsored by Defendant USA Cycling and Defendant Beech. The Event took place on property owned, controlled and maintained by Defendant Beech, commonly referred to as Beech Mountain located in Beech Mountain, Avery County, North Carolina.

10. At all times relevant hereto, Defendant Owen was acting as an agent of Defendants High Country, USA Cycling, and Beech, within the course and scope of said agency and pursuant to his official duties and responsibilities on behalf of Defendants High Country, USA Cycling, and Beech. At all times herein relevant, the actions of Defendant Owen were done with the express or apparent authority of Defendants High Country, USA Cycling, and Beech in that his actions provided mutually beneficial advertising and financial benefits to High Country, USA Cycling, and Beech and the negligent actions on part of Defendant Owen are imputable and chargeable to High Country, USA Cycling, and Beech based upon the doctrine of agency, apparent agency, and respondeat superior.

11. At all times relevant hereto, The Event was permitted by, sanctioned by, sponsored by and approved by Defendants High Country, USA Cycling and Beech.

12. The Event was represented to Luke Bryan and his parents as a junior mountain bike skills development course, offering something for every rider, from beginner to experienced. Participants of all skill levels were welcomed into the course. Beginner trails were to offer a smooth introduction for a novice rider, with friendly and manageable features. During the course of The Event, of days in which there was rain, it was represented that a mechanic clinic would be offered in place bf riding. Defendant High Country and Defendant Owen charged a $200.00 fee for The Event. A portion of the

                fee for each Event participant is paid either directly or indirectly to Defendants USA Cycling and Beech.

13. The type of helmet required by Defendants for the Event participants was inadequate and violated industry standards for the type of downhill biking conducted by the Defendants. The Defendants only required an open vented type of helmet used by road cyclists with openings in the top and not the full face helmet with no vent holes used by downhill mountain bikers.

14. The weather for the past three days of the Event preceding August 4, 2016, had been rainy and wet. Despite the already saturated ground and continued threat for rain, the Defendants, by and through their agent, Defendant Owen, chose to have the participants do their first day of downhill riding on the trails at Beech Mountain on August 4, 2016. During the morning session of The Event on August 4, 2016, another minor participant in The Event crashed and injured herself on the downhill trails due to the Defendants' failure to follow their own policies and procedures.

15. Upon information and belief, the injured minor participant suffered a concussion and EMS was called to transport her to the hospital. After the first crash and injury the Defendants made the decision, by 'and through their agent, Defendant Owen, to continue with The Event and have all of the minor participants ride down one of the downhill mountain bike trails on the property owned by Beech Mountain.

16. Luke Bryan, equipped with only a basic vented bike helmet that lacked full frontal and top head coverage, was instructed, despite voicing his concern and fear for his safety, to ride down the downhill trail on his bike. Luke, only nine years old at the time of The Event, had not been taught the necessary skills to ride such steep terrain and turns, especially in wet conditions. As Luke rode downhill trail, he hit a turn with over a four foot berm, lost control of his bike, and was thrown head first into a steel snow blower (the "Snow Gun").

17. The Snow Gun was located in the trajectory path of any cyclist ejected from the turn and was located approximately five feet off the berm. The Snow Gun had sharp metal wingnuts attached to it, was not wrapped in any sort of protective material, and had no warnings posted of the existing hazardous condition. The presence of the hazardous Snow Gun was hidden from the view of an approaching rider and obscured by the berm and tight curve of the trail. When Luke Bryan lost control of his bike going into the curve of the berm, his bike followed the natural trajectory of his momentum directly into one of the metal wingnuts on the Snow Gun which went through an air vent in his open helmet penetrating his skull and causing him significant brain injury.

18. Luke Bryan was then transported by Avery County Emergency Medical Services down Beech Mountain to a location where a life flight helicopter could land to transport him to Johnson City Memorial Hospital located in Johnson City, Tennessee for emergency treatment of his brain injury.

19. As the direct and proximate result of the negligence of the Defendants, as set out below, Luke Bryan suffered a fractured skull, traumatic brain injury, permanent neurological deficits, for which the parents have incurred a substantial amount of medical bills and lost time from work involved in his care.

20. After enduring months of physical therapy, during which time Luke Bryan had to relearn skills as basic as how to walk, Luke continues to have lasting and permanent injuries and scaring as a direct and proximate result of the negligence of the Defendants.

21. Plaintiffs David Bryan and Melissa Bryan, as parents of Luke Bryan, reasonably relied on the representations made by the Defendants with regard to the safety and supervision of Luke Bryan during The Event including the use of downhill trails as outlined in their promotional flyers and camp description.

34. The Complaint in the Underlying Action alleges claims for negligence against all defendants and premises liability against The Resort. It also alleges a claim for negligent supervision against Doug Owen and North Carolina High Country Cycling Club.

35. Nova is defending The Resort in the Underlying Action under a reservation of rights.

36. Upon information and belief, USA Cycling is funding its own defense in the Underlying Action until such time as a $100,000 self-insured retention ("SIR") to the Lexington Policy is exhausted.

37. Neither the certificate of liability insurance nor the Event Insurance Disclosure disclosed that the Lexington Policy was subject to a $100,000 self-insured retention ("SIR").

38. Upon information and belief, USA Cycling never informed Owen or The Resort that the Lexington Policy was subject to a $100,000 SIR, or any SIR whatsoever.

39. Luke Bryan and Melissa Bryan completed an application and paid a fee for Luke Bryan to obtain an annual license with USA Cycling, by which Luke Bryan and Melissa Bryan agreed to "assume the risks" associated with the Event and to "release and hold harmless and promise to indemnify and not to sue" USA Cycling.

40. The Resort tendered defense and indemnity, as an additional insured, to Lexington and USA Cycling for the claims arising out of Luke Bryan's injuries, both prior

to and after the Underlying Action was filed.

41. Lexington and USA Cycling have refused to defend, indemnify or otherwise provide insurance coverage to The Resort in connection with the claims arising out of Luke Bryan's injuries.

42. Lexington claims it has no duty to defend The Resort because there is not a written contract between Owen and The Resort which required Owen to include The Resort as an additional insured to the Lexington Policy and because the $100,000 SIR has not been met.

43. USA Cycling never informed Owen or The Resort that the Lexington Policy was subject to a $100,000 SIR, or any SIR whatsoever.

### IV. PERTINENT POLICY PROVISIONS

44. The insuring agreement for **SECTION I – COVERAGES**, **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** in the Lexington Policy provides, in pertinent part, as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result . . . .

45. Section II-**WHO IS AN INSURED** ("Section II") of the CGL Coverage Form in the Lexington Policy states, in part, as follows:

>  **1.** If you are designated in the Declarations as:
>
>  * * *
>
>  **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

46. The Lexington Policy contains Endorsement 018, entitled "Schedule of Named Insureds" and lists the following types of individuals and entities as additional insureds, among others:

> USAC member cyclists; registered teams, district representatives; Soigneurs; USA Cycling member clubs; local association; USAC licensed coaches; and USAC licensed mechanics; event organizers/promoters/race directors, officials, volunteers, but only for participation in sanctioned events or USA Cycling sponsored activities including the competition, scheduled practice sessions, event set up, opening ceremonies, awards ceremonies and event tear down and only for the sanctioned events for those dates identified in the USAC events permit application. It shall be a condition of coverage that all organizers/promoters for whom coverage is afforded under this policy execute a USAC event permit application and coverage will be afforded only for the specific event and dates on the permit.
>
> USA Cycling Member Clubs/Local Associations and respective members who have duly enrolled for this insurance coverage and have been approved by USA Cycling
> USA Cycling Licensed coaches, Mechanics, Soigneurs who have duly enrolled for this insurance coverage and have been approved by USA Cycling[.]

47. Endorsement No. 006 to the Lexington Policy, entitled "Additional Insured –

Designated Person or Organization" provides in pertinent part as follows:

## SCHEDULE

**Name of Additional Insured Person(s) or Organization(s)**

AS REQUIRED BY WRITTEN CONTRACT

Information required to complete this Schedule, if not shown above, will be shown in the Declarations

**A.** **Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

    1.    In the performance of your ongoing operations; or

    2.    In connection with your premises owned by or rented to you.

However:

    1.    The insurance afforded to such additional insured only applies to the extent permitted by law; and

    2.    If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

\* \* \*

48.   Endorsement No. 007 to the Lexington Policy, entitled "Additional Insured – Owners, Lessees, or Contractors – Scheduled Person or Organization" provides in pertinent part as follows:

SCHEDULE

**Name of Additional Insured Person(s) or Organization(s)**

AS REQUIRED BY WRITTEN CONTRACT

Information required to complete this Schedule, if not shown above, will be shown in the Declarations

**A.**   **Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

   1.   Your acts or omissions or

   2.   The acts or omissions of those acting on your behalf;

   In the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

   However:

   1.   The insurance afforded to such additional insured only applies to the extent permitted by law;

   2.   If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

\* \* \*

49.   Endorsement 008 to the Lexington Policy, entitled "Primary And Non Contributory Endorsement" provides:

**SCHEDULE**

**Name of Person or Organization**

**AS REQUIRED BY WRITTEN CONTRACT**

Notwithstanding any other provision of the policy to the contrary, the insurance afforded by this policy for the benefit of the Additional Insured shown in the Schedule above shall be primary insurance, but only with respect to any claim, loss or liability arising out of the Named Insured's operations; and any insurance maintained by the Additional Insured shall be non-contributing.

## V.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF- DECLARATORY RELIEF – DUTY TO DEFEND AND INDEMNIFY
### (against Lexington and USA Cycling)

50. Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 49 above.

51. The Parties' rights, status, obligations and other legal relations are affected by the Lexington Policy.

52. Pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, this Court has the authority to declare the rights and obligations of the Parties.

53. Lexington has an obligation to provide The Resort with a defense and indemnity in connection with the claims alleged against The Resort in the Underlying Action.

54. Plaintiff seeks a judicial declaration that the Lexington Policy is primary

and non-contributory to the Nova Policy and that Lexington has a duty to defend and indemnify The Resort in connection with the claims alleged against The Resort in the Underlying Action.

55. Plaintiff seeks a judicial determination that the SIR in the Lexington Policy does not apply to The Resort, to whom the SIR was not disclosed, and/or a determination that USA Cycling must fund the SIR to trigger Lexington's defense obligation to The Resort.

### SECOND CLAIM FOR RELIEF – EQUITABLE CONTRIBUTION AND/OR SUBROGATION
### (against Lexington)

56. Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 55 above.

57. Lexington has an obligation to provide The Resort with a defense and indemnity in connection with the claims against The Resort asserted in the Underlying Action.

58. Plaintiff is entitled to equitable contribution/indemnity from Lexington of the attorneys' fees, costs and expenses Plaintiff has paid and continues to incur in the defense of The Resort in connection with the claims alleged in the Underlying Action.

59. Plaintiff is entitled to equitable contribution/indemnity from Lexington of any indemnity to be paid on behalf of The Resort in connection with the claims alleged in the Underlying Action.

## THIRD CLAIM FOR RELIEF -CONTRACTUAL SUBROGATION
### (against Lexington)

60. Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 59 above.

61. The Nova Policy contains contractual subrogation provisions.

62. Because Plaintiff has paid attorney's fees, costs and expenses in the defense of The Resort in connection with the claims alleged in the Underlying Action, it is contractually entitled to recover such payments from Lexington.

63. By virtue of the subrogation provisions in the Nova Policy, Plaintiff is subrogated to The Resort's claims and rights against Lexington.

64. Lexington has a duty defend and indemnify The Resort against the claims asserted in the Underlying Action and pursuant to Plaintiff's contractual subrogation rights, Plaintiff is entitled to recoup the attorney's fees, costs and expenses incurred in the defense of The Resort, and any indemnity to be paid on behalf of The Resort, which should have been paid and is owing from Lexington.

## FOURTH CLAIM FOR RELIEF- UNJUST ENRICHMENT
### (against Lexington and USA Cycling)

65. Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 64 above.

66. Plaintiff has paid for the defense of The Resort for claims alleged in the Underlying Action.

67. Lexington has an obligation to defend and indemnify The Resort in

connection with the Underlying Action.

68. USA Cycling accepted a fee from Owen to name The Resort as an additional insured; however, Lexington has refused to defend or indemnify The Resort.

69. Plaintiff has conferred a benefit on the Defendants, which benefit was appreciated by them and was accepted by them under circumstances that it would be inequitable for the benefit to be retained without payment of its value.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nova Casualty Company demands declaratory relief and judgment in its favor and against Defendants in the amount established by the evidence, including but not limited to the following:

(a) Declaring Lexington owes a duty to defend and indemnify The Resort in connection with the Underlying Action;

(b) The Lexington Policy is primary and non-contributory to the Nova Policy;

(c) The Resort is not subject to the SIR;

(d) If The Resort is subject to the SIR, USA Cycling must pay it;

(b) All actual and compensatory damages as allowed by law;

(c) All attorneys' fees and costs allowed by law;

(d) All pre- and post-judgment interest as allowed by law;

(e) All other legal and equitable relief allowed by law, and which the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED this 11th day of April, 2018.

        Respectfully submitted,

        LAMBDIN & CHANEY, LLP

        By: *Melissa A. Wiese*
        Melissa A. Wiese, Esq.
        4949 S. Syracuse Street, Suite 600
        Denver, Colorado 80237
        Telephone: (303) 799-8889
        Facsimile: (303) 799-3700
        Email: mwiese@lclaw.net
        *Attorneys for Plaintiff*